Please be seated. Thank you. Madam Clerk, please call the next case. Mr. Conley, you may proceed. Thank you, Your Honor. May it please the Court, Counsel, my name is Sean Conley. I'm with the Office of the State Appellate Defender, and I represent David Brown, who was convicted after a jury trial in which he went pro se of armed robbery, felony murder predicated on that armed robbery, intentional murder, unlawful possession of a firearm by a felon, and an additional allegation of personally discharging a firearm resulting in a death. He was acquitted in the same proceedings of home invasion and aggravated discharge of a firearm. Judgment was entered on the felony murder count and the unlawful possession count, and he's currently serving a term of natural life consecutive with 14 years. We've raised three issues on appeal. The first issue, which is what I'll be focusing on today, raises the trial court's refusal to instruct the jury on certain mitigating instructions. Issue two raises the admission for the purposes of impeachment of a prior conviction of aggravated battery with a firearm. And issue three involves fines and fees. The State has confessed error on the fines and fees issue, and the evidentiary issue on issue two is a fairly straightforward application of the law of that topic. And so unless there are any questions on those issues, I'll be arguing issue one, whether the trial court committed reversible error when it refused to instruct the jury on self-defense and second-degree murder. Is self-defense a defense to felony murder? It is not a defense to felony murder. However, in this case, because Mr. Brown was also charged with intentional murder as a matter of law, if he's entitled to the self-defense instruction, he should get that instruction regardless of felony murder. But since he wasn't sentenced for first-degree murder, then technically there's no conviction for first-degree murder, right? That is correct. However, the instructional error on the first-degree murder isn't necessarily harmless as to the felony murder. This would be, you know, I would direct you to People v. Luckett, in which the first district held that an instructional error, which was, if anything, less egregious than the one in this case, was not harmless as to felony murder, even though it wasn't available as a defense for felony murder, because the issues that would have had to have been addressed in the mitigating instructions were also relevant to the underlying felony. Well, I mean, the state could have discharged him with felony murder. They could have, but they did not. And so he was entitled, if there was any evidence to support a theory of self-defense, he was entitled to that instruction. And if he was entitled to the self-defense instruction, he was also entitled to a second-degree murder instruction as a matter of law. I think in the simplest terms, the issue is that Brown had a theory of the case. He had a defense, and he wasn't allowed to present that defense to the jury. He testified that this was a drug deal, that he went to the apartment to ask for the drugs that he had already paid for or to ask for his money back. The victim escalated the situation by pulling a gun. Brown got control of the gun, and though he was, in his words, not attempting to rob the victims, he continued to ask for his drugs or money. He accepted some money from the victims because the victim had offered him. Well, if you owe me money, okay, you owe me money, and I come over to your house and pick up a gun that's in your house and then say, now give me my money, isn't that still armed robbery? That would be armed robbery, but that's not, according to Mr. Brown's testimony, what happened in this situation. According to Mr. Brown's testimony, what happened in this situation was that a gun was pulled on him, there was a struggle, he retrieved the gun, and then essentially continued the conversation or the very heated discussion that was going on at the time of the struggle. This is not a situation where he himself pulled the gun, where he initiated or escalated that act of violence. Again, according to his testimony. But even after his testimony, there was quite a period of time between the time he took the gun away from ultimately the victim. Certainly. From the time he got the gun until the time there was a shooting, there was quite a bit of time. In other words, he could have taken the gun and left, called the police, or done whatever, but he stayed there and kept trying to get his drugs. That is true. With a gun in his hand. That is true. However, it should be axiomatic that the law is not going to require him to give the gun back to the person who had pulled the gun on him. He could have unloaded or keep the gun and leave. He could have done that. Obviously, that is not what happened. But the issue really comes down to the essential element of the armed robbery is taking, in this case, a purse, through threats of force or force. Now, certainly, would I have recommended that he leave the apartment? Absolutely. He didn't do that. But his testimony is that, despite the fact that he's holding the gun, he's not making those threats. He's simply asking for what he thinks is owed to him, and he accepts this purse as a consideration for that debt, though in his view it's not full consideration. So what you're saying is, conceptually what you're saying is, is that his defense is there was no underlying felony. There was no underlying felony in his view. To simplify it. Yes. So you're saying that, as a matter of law, that because he's charged with first-degree murder, right? Correct. That he's entitled to a self-defense instruction because the jury may find no underlying felony. Is that what you're trying to say? I would agree with that statement. It's not exactly technically the law. The law is that if you're charged with both a felony and first-degree murder, you are entitled to the instruction. If you're qualified for it, you are entitled to the instruction on the intentional murder, regardless of the felony murder. Well, that doesn't make a lot of sense to me. I guess I know the First District of Maine, but we're here in the third. So let's try to say why would that be the case. Because, again, well, let me give you an example in this case. Again, Mr. Brown has testified that he was not trying to rob these people, that he accepted the proceeds of the supposed robbery because they were offered to him. The implication is, again, he's not making threats. He's not taking that purse through force or threat of force. He's not engaged in a robbery. Right. Now, obviously he's holding a gun, and as it stands, that gun can be seen as circumstantial evidence that he's making threats, regardless of what his testimony is. In the context of self-defense, if the jury is told that he's taken up the gun in self-defense, that he was justified in taking up the gun initially, that same evidence can be seen as circumstantial evidence that he's not making these threats. So while self-defense is not a defense for the felony murder itself, the entirety of Mr. Brown's theory of the case becomes more credible in the context of self-defense, and consequently... So what you're trying to say is that because, if I can get the jury to believe self-defense, then that takes away an essential element of robbery. It has the potential to take away an essential element of robbery, and consequently, the overall results of the proceedings would potentially be different. I would also point out, just as a matter of fundamental fairness, that, again, if Mr. Brown is entitled to the defense, and this is his version of events, this is his theory of the case, if he's entitled to instructions on that, denying him those instructions, denies him his chosen defense, and there is case law that suggests that that is a denial itself of the fundamental right to a fair trial. I would also point out that, in this case, the error is permeating the entire case. His theory of the case was self-defense from the very beginning, and from the very beginning, he was told by his attorney, by the state's attorney, and by the judge, that that was not available to him because he was charged with felony murder. And, of course, that's not the state of the law, because, again, he's charged with intentional murder as well. And that mistake then informs his decision. So, but if, let's suppose he had gotten the instructions, and then the jury finds him, let's say they find him not guilty of first-degree murder, based on his affirmative defense of self-defense, and not guilty of first-degree murder, but guilty of felony murder. We're right where we are now, right? That is correct. Because they couldn't argue that that self-defense went to the felony murder because self-defense isn't a defense of felony murder, right? That is correct. That is correct. Where's the prejudice to the felony murder conviction? That is one of several potential outcomes. Because, again, yes, if they were to find him, it would be possible to find him not guilty of intentional murder and guilty of felony murder. But, again, because of the instructional error, because the jury's not allowed to consider the possibility that he was justified in taking up the gun in the first place, we cannot know beyond a reasonable doubt that the result of the jury's consideration of the issues relevant to the underlying felony would not have changed. Well, other than confusion, what issue in the felony murder would these jury instructions go to that were relevant to the felony murder charge? Whether or not he was making threats. Whether or not he took the proceeds of the supposed robbery through threats or force. Because, again, as it stands now, the gun is a relatively obvious indicator of a threat. But if the jury were allowed to consider the possibility that he had taken up the gun legitimately in the first place. With what? He had taken up the gun. Taken up the gun legitimately. Legitimately. And was justified in doing so. They can consider the possibility. It's more credible, or it becomes credible in the first place, to consider the possibility that, despite the fact that he's holding a gun, he's not making eminent threats. Counsel, you have two minutes. And so, consequently, the jury in this case is considering all of this evidence, but it's considering it without the benefit of the applicable law. And so, again, because of the particular circumstances of the case, we can't be sure, even in these charges where self-defense is not a defense per se, we cannot be certain that the error did not affect those decisions and that the overall... So you're saying the jury couldn't, because they weren't given that instruction of self-defense, they couldn't use that reasoning that you just outlined? Absolutely. Absolutely. Absolutely. And that, arguably, they were prohibited from using that reasoning because they were never told that self-defense... That is correct. That is correct. To put it another way, Mr. Brown's theory of the case is self-defense. That was his theory of the case from the beginning, and he was denied the opportunity to bring that in front of the jury. And as a matter of fundamental fairness, he should have been allowed to make that argument. He was not allowed to make that argument, and, therefore, this court should reverse. Okay. Any further questions? No. Thank you. Thank you, Mr. Conley. Mr. Leonard, in response? Yes. May it please the Court, Counsel, the first hurdle that... First of all, I'll address the first issue. If you have any questions for the second issue, I'll state strictly to the first issue. The first hurdle that the defendant has to get over is plain air. This wasn't raised in a post-trial motion. It's the defendant's burden to prove a clear and obvious air, and then the two prongs of the plain air rule, the evidence was closely balanced, or the air was so fundamental that the defendant was denied a fair trial. The people's position is that there was no clear and obvious air here. The defendant was not entitled to a self-defense instruction. There are six elements of self-defense, and the defendant has to show each element unless he's entitled to that instruction. The people only have to disprove one element, and one of the elements of self-defense is that the defendant was not the aggressor. You can argue that the defendant became the aggressor when he went over to the apartment and demanded his money or his drugs, but even if you assume the defendant's argument that it was just a conversation, surely the defendant became the aggressor when he took the gun from the victim and pointed at the victim and the victim's mother and demanded that he receive his money or the drugs that he allegedly paid for. And then he calls in his accomplice, Yanni Brown, and has her look through the closets and the defendant's clothing for money or the drugs. Then the defendant's argument and testimony was what I would call incredible. He allegedly... The defendant ran out of the bedroom door, and instead of running out of the apartment to freedom, he tries to hold the bedroom door closed. There's a struggle over the door, and the defendant somehow takes this gun from the victim. And at that point, the defendant becomes the aggressor because he has the gun, he's demanding money, brings in his accomplice, and he's not entitled to that self-defense instruction. Mr. Leonard, isn't that a question for the jury? A question for the jury of whether it is... Whether he's an aggressor. I mean, doesn't the jury get the opportunity to decide who they believe? No, it's the trial judge who decides whether the self-defense and second-degree murder instruction will be given to the jury. Right, no, I understand that. Yes. But the threshold for giving the jury instruction is a very, very low one, isn't it? Whether there's a scintilla of evidence that would justify giving it? Yes, it's a very low threshold. So then it's for the jury to decide whether or not the... you know, which version to believe. It is the jury's decision to decide, but it's the trial judge's decision of whether to give the instruction. And what does he base that decision on? He bases his decision on not giving the instruction by there was not enough proof that he acted in self-defense. The defendant's testimony was rather incredible. Well, I think the question is that whether to open the gate to allow that instruction to be given, there has to be an examination by the trial judge of whether there's any evidence to suggest in this instance you said there's six factors to give it? Yes. And you're saying you just focused on one. One is that you can't get it if you are the aggressor. Yes, the people only have to disprove one of the factors. Well, okay, let's go to disprove. I mean, still, what is the decision, basis of decision for the trial judge as to whether to give it? Is there any evidence given that the defendant could have been aggressed upon by the victim? I mean, how much evidence does there have to be? There has to be just slight evidence to give the instruction, but the trial judge did not, say, give a reason why he just said that. Well, then, are we now just de novo reviewing the record to see if there's any slight evidence that would suggest he's not entitled to the instruction because he's the aggressor? Whether to give an instruction is de novo reviewed, but in this case, this court can look at the record and see that the defendant was not entitled to the instruction because he was the aggressor. So the answer to your question, I guess, would be yes. But the inquiry, the analysis doesn't end there. Let's assume that the trial judge should have given the self-defense instruction and second-degree murder instruction. Those are not defenses against felony murder, and I understand the defendant's argument, but the defendant was convicted of the jury of intentional murder and felony murder, and he was only sentenced on felony murder and unlawful possession of a weapon. So where is the harm or the prejudice to the defendant? It doesn't really matter whether the instruction was given or not because he would still be standing guilty of felony murder. So are you saying that it's possible that this was error, but if it was error, it was harmless? Yes, it would be harmless error because we're still in the same predicament because the defendant still stands guilty of felony murder with or without the second-degree murder instruction or the self-defense. But the theory of the defendant is that they were not, the jury was not informed that self-defense, or that if they were informed that this whole death occurred out of self-defense, I'm trying to understand this, that there's no, it destroys the felony, the necessary element of felony to find a conviction on felony, on the felony of... Yes, I disagree with that. It would be the trial judge's decision whether to give these instructions, and it's very speculative what the jury would decide. So I ask that this court not speculate and just review the facts that are on the record. And in this case, the defendant was convicted of both intentional murder and felony murder. So as Justice Schmidt points out, where is the prejudice to the defendant? Well, but what opposing counsel is suggesting is convicted of murder, intentional murder. Yes. But was not allowed to rebut that with a self-defense defense or an instruction. Yes. Well, this was a pro se defendant, and I guess hindsight is 20-20, and I doubt that this defendant would have come up with such a clever theory as opposing counsel. But if we just look at the facts in this case, the evidence is overwhelming that the defendant is guilty of armed robbery and felony murder. So really, there was no prejudice to the defendant. We're still at the same place we would have been even if the trial judge would have given him the self-defense and secondary degree murder. And it's only speculation on how the jury would have reviewed this issue if those two instructions had been given. And I just ask that this court find that the defendant was found guilty of the felony murder. There was no reversible error, even if it was there for the trial judge not to give the instructions. And although it may be a clever argument by defense counsel,  or that the jury would not have found him not guilty of armed robbery, I believe the facts are overwhelming that this was an armed robbery and a felony murder. Thank you, Mr. Leonard. Mr. Connell, your reply. Thank you, Your Honor, and with thanks to opposing counsel for calling my theory clever. I would point the court to the standard of review. The standard of review is de novo whether or not these instructions were appropriate. Well, actually, we're looking at this under plain error, aren't we? That is correct. But again, I think in terms of what the defendant would have done below had he been more sophisticated, I think that it's appropriate at this point for us to consider what the impact of these instructions would have had on these other charges. But he did testify, all those things in his theory, he did testify about, right? He did testify about, yes, correct. Ultimately, in terms of plain error, in terms of whether there's a clear error, there is some evidence on the record that Mr. Brown acted in self-defense, and furthermore that he was not the initial aggressor in this confrontation. That he came to this apartment to ask for something that he was owed, and that it was the victim that was the initial aggressor in the sense of escalating to an act of violence. And what did he do? According to Mr. Brown's testimony, the victim pulled the gun in the midst of the dispute. Was that disputed? That was disputed, yes. The state's evidence was that Mr. Brown showed up with the gun. But again, in terms of whether there's a clear error, the threshold of evidence necessary to qualify for the defense is very, very low. And it's our position that that discrepancy, along with all of the discrepancies here, should have gone to the jury, and should have gone to a jury that was properly instructed on all of the applicable law. So all he had to say, the defendant had to say, is that wasn't my gun, that was his gun? I wouldn't go so far to say that's all that he had to say, because again, he has a broader theory of the case than simply the victim pulled the gun. He testifies to the fact that the victim pulled the gun. He testifies to a series of physical struggles for which there's corresponding and corroborating physical evidence. He testifies to the context of all of this as the drug deal for which there's also physical evidence to corroborate. But what about, like, in Moore, there was a struggle there, too, and the Supreme Court said, you were found guilty of committing an armed robbery, therefore it's felony murder, and any error in failing to give those instructions is harmless. In Moore, well, again, people be lucky, the First District distinguishes Moore. The issue in Moore is that the evidence for the felony murder, for the underlying felony murder, is overwhelming, and I would dispute in this case that we could characterize this evidence as overwhelming. Ultimately, and as the State acknowledges in its own brief in its discussion of Issue 2, there's really only two people testifying at the trial who were there for the entire incident. It's, to some extent, a credibility contest. Again, there's physical evidence to corroborate Mr. Brown's version of those events, and the jury itself, there's some evidence that the jury itself saw it as a close case based on the acquittals on home invasion and the aggravated discharge. And so I don't think that under the circumstances it's necessarily fair to characterize the evidence here as overwhelming. And in that sense, again, getting back to your point, Your Honor, since we're looking at this under plain error, I think that we can view this either as a case in which the closeness of the evidence presumes the prejudice or the other prong of plain error where, again, this is about Mr. Brown's fundamental right to mount a defense to the charges that he's charged with, and he was denied that defense. That is a denial of his fundamental right to a fair trial, and in terms of plain error, I think that we've met that hurdle. Again, I would urge the Court to reverse here because as a matter of fundamental fairness, Mr. Brown was not allowed to bring his theory of the case to the jury. I believe there are no more questions. Thank you, Mr. Connolly and Mr. Leonard, for your arguments in this matter. We take them under advisement. Written disposition shall issue. The Court will stand in recess until 1.15.